TOWN OF CANTON, Appellant, v. WILLIAM H. DAWSON, Respondent.

St. Louis Court of Appeals, May 11, 1897.

**Municipal Corporations:** GAMBLING DEVICE: VIOLATION OF TOWN ORDINANCE: CONSTRUCTION. *Held:* That "crack loo" is a gambling device for money within the meaning of clauses 1 and 2 of an ordinance of the town of Canton, prohibiting any person from setting up "any gambling device" or playing "at any game whatever for money," etc.

*Appeal from the Lewis Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

REVERSED AND REMANDED; Judge BIGGS concurring, Judge BLAND not sitting.

*A. F. Poulton* and *O. C. Clay* for appellant.

It has been long since settled that "crack loo" is a gambling device, adapted, devised and designed for the purpose of playing games of chance. *State v. Flack*, 24 Mo. 378; Bish. Stat. Crim. [1873 Ed.], sec. 926; *State v. Charles*, 24 Mo. 379.

The first count alleges the name of the gambling device set up, and that games of chance were played thereon. This is sufficient. *State v. Lowry*, 1 Mo. 722; *State v. Ames, Id.* 524.

Even in a criminal prosecution, the indictment or information may contain counts for several distinct offenses (misdemeanors only) provided the judgment and punishment be the same. Kelly's Crim. Law and Prac., sec. 206; Bish. Crim. Proc. [3 Ed.], sec. 452; *State v. Kibby*, 7 Mo. 317; *State v. Ambs*, 20 *Id.* 214; *State v. Henley*, 30 *Id.* 509; *State v. Pittman*, 76 *Id.* 56; *State v. Klein*, 78 *Id.* 627; *State v. McAdoo*, 80 *Id.* 216.

It is an indictable offense under section 3809, Revised Statutes, 1889, to bet any money or property on any gambling device mentioned in section 3808, or any other gambling device or game. Kelly's Crim. Law, sec. 951, and citations.

The terms of sections 3808, 3809, embraced "crack loo," as well as those expressly named therein. *State v. Bates*, 10 Mo. 166; *State v. Glasecock, Id.* 508; *State v. Lowry*, 1 *Id.* 722; *State v. Foster*, 2 *Id.* 210; *State v. Herryford*, 19 *Id.* 377; *State v. Gilmore*, 98 *Id.* 206; *State v. Jackson*, 39 *Id.* 420; *State v. Flack, supra; State v. Charles*, 24 Mo. 379; *State v. Troot*, 36 Mo. App. 29.

The second clause of the section of the ordinance, upon which the second count of the complaint is bot-

tomed, is substantially an exact copy of section 3825, Revised Statutes, 1889.

The games of "euchre," "craps" and "crack loo," when played for money, etc., are of the same nature, or *ejusdem generis*. *State v. Purdam*, 3 Mo. 144; *State v. Herryford, supra; State v. Troot, supra; State v. Gilmore, supra.*

*John C. Anderson* and *George Ellison* for respondent.

Ordinances which are penal in their nature should be construed strictly, and must clearly embrace the offense charged. *St. Louis v. Goebel*, 32 Mo. 295; 17 Am. and Eng. Ency. 264, 265; *State ex rel. Wood*, 114 Mo. 180, 194; *Connell v. Telegraph Co.*, 108 *Id.* 459, 462, 463; *State v. McClain*, 49 Mo. App. 398, 400; *Dudley v. Telegraph Co.*, 54 *Id.* 591; *Mantz v. R. R.*, 87 Mo. 278.

The doctrine of *ejusdem generis* does not permit appellants to place any such construction as they claim for section 43, chapter 4, on the words "cards, dice or any other device" in said section. *Grumley v. Webb*, 44 Mo. 444, 457, 458; *State v. Bryant*, 90 *Id.* 534; *State v. Gilmore*, 98 *Id.* 206; *State v. Schuchmann*, 133 Mo. 111.

BOND, J.—The town of Canton was specially chartered by an act of the general assembly approved March 19, 1873. In pursuance of its chartered powers the corporate authorities passed the following ordinance.

"Whoever shall in this town set up or keep any gaming table or gambling device at which any game of chance shall be played for money or property, or anything representing money or property, (2) or shall play

at any games whatever for money or property or gain with cards, dice or any other device which may be adapted or used in playing any game of chance or in which chance is a material element, (3) or shall bet or wager on the hands, or cards or dice, of such as do play as aforesaid, shall be deemed guilty of a misdemeanor.''

Other ordinances of said town impose imprisonment for thirty days or a fine from $1 to $100 or both for the commission of misdemeanors, and establish a recorder's court with jurisdiction of suits for fines, forfeitures and penalties, imposed for the violation or breach of ordinances, and provide that such suits must be prosecuted in the name of the town of Canton. The present action in two counts was brought by the town of Canton against defendant in the recorder's court for violation of the above ordinance. The first count alleged that defendant and others on the sixth day of November, 1895, in Canton, Lewis county, Missouri, set up and kept ''a gambling device known as 'crack loo,' adapted, devised, designed and used for the purpose of playing a certain game of chance known as and called 'crack loo,' for money and property, at which certain games of chance were then and there played for money and property.''

The second count charged defendant with unlawfully playing at said game ''for money, property and gain, to wit, twenty-five cents with and by means of nickels and five cent pieces (lawful money of the United States) and cracks in the floor of a certain house, which said nickels and five cent pieces and cracks in the floor aforsaid, were then and there a gambling device.''

After a change of venue from the recorder's court to a justice of the peace, respondent was found guilty on both of said counts. He appealed to the circuit court, where his motion to dismiss the information or

complaint was sustained, and the town of Canton appealed to this court.

The only question presented is the construction of the ordinance under which the suit was begun. Being penal in its nature, it must be considered GAMBLING device: strictly so far as it is against defendant, violation of town and liberally so far as it is in his favor. ordinance: construction. *State v. Schuchmann*, 133 Mo. *loc. cit.* 117. The argument of respondent's counsel in support of the ruling of the lower court is that the two clauses of the ordinance must be taken together for the purpose of interpretation, and that thus considered the doctrine of *ejusdem generis* restricts the prohibition as to the keeping of gambling devices to such only as are played with cards and dice. This position is untenable. The two clauses of the ordinances are plainly disjunctive. Each creates a separate offense. The first forbids any person to "set up or keep any gambling table or gambling device, at which any game of chance shall be played for money or property, or anything representing money or property." The offense thus defined is distinct and complete, and refers solely to the acts of the proprietors of gambling devices. On the other hand, the second and third clauses of the ordinance refer only to the acts of the patrons of the gambling devices, and forbids them to play themselves, or bet upon the playing of others "at any games whatever for money or property or gain with cards, dice, or any other device which may be adapted or used in playing any game of chance." There is no rule of construction whereby an offense which could only be committed by one class of persons should be limited in its definition by another offense which could only be committed by a different class of persons. The terms of the first clause of the ordinance aimed at keepers of gambling devices do not depend for their meaning upon the second and third

clauses referable to players of gambling games. That "crack loo" is a gambling device and hence within the express prohibition of the first clause of the ordinance under review, is not an open question in this state. *State v. Flack*, 24 Mo. 378. The learned judge, therefore, erred in sustaining a motion to dismiss the first count in the information or complaint upon a contrary theory. Neither can we concur in the view of counsel for respondent that the second clause of the ordinance forbids only "gambling with cards or dice and no other games whatever." The learned counsel does not accord full force to the language of this section. After the enumeration of cards and dice, the language is, "or any other device *which may be adapted or used in playing any game of chance.*" It will be noted that the particular words of this section are not followed by general words of unrestricted meaning, but that the subsequent words are restricted, as shown by our italics, to the special devices which make the game one of chance, and as it has been seen "crack loo" is a gambling device, it of necessity falls within the express language of the ordinance. We do not think the legislative intent thus clearly expressed, can be thwarted by the doctrine of *ejusdem generis*, which is at most merely a rule of intent, and can never be applied to defeat the evident purpose of the legislature. *State v. Phelan*, 66 Mo. App. *loc. cit.* 557; *State v. Corkins*, 123 Mo. 56; Endlich on Interpretation of Statutes, sec. 409; Sutherland on Statutory Construction, sec. 279. The second clause of the ordinance is a literal copy of section 3825 of the Revised Statutes of 1889, which was enacted to suppress gaming. Our opinion is that both of them comprehend playing the game of "crack loo" for money, and that the judgment herein should be reversed and the cause remanded, to be tried in conformity with this opinion. Judge BIGGS concurs; Judge BLAND absent.